## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 03-3295 ADM/AJB

Peggy Marie Schmitt,

      Plaintiff,

  -vs-

Chase Manhattan Bank NA;
Saks Incorporated d/b/a Herberger's;
Bank One Corporation a/k/a First USA
Bank, N.A.;
Trans Union, L.L.C.;
Experian Information Solutions Inc.;
CSC Credit Services, Inc.;
Equifax, Inc. d/b/a Equifax Information
Services Inc.,
CBC Companies d/b/a Credit Bureau of
Sioux Falls, Inc.,
and Factual Data Corp.,

      Defendants.

**AFFIDAVIT OF THOMAS J. LYONS**

Thomas J. Lyons, Esq., being duly sworn and upon oath, deposes and says as follows:

1. That I am one of the attorneys representing Plaintiff in the above-entitled matter. I submit this affidavit in support of Plaintiff's Memorandum of Law in Opposition to Defendants Trans Union's and CSC's Motions for Summary Judgment.

2. That attached hereto as Exhibit A is a true and correct copy of excerpts from the deposition of Peggy M. Schmitt, pages 1, 26-29, 46-53, 62-65, 78-81, 134-137, 146-161.

3. That attached hereto as Exhibit B is a true and correct copy of excerpts from the deposition of Eileen Little, pages 1, 50-97, 102-117, 134-137, 150-153, 158-165, 170-173, with selected deposition exhibits, Exh. 2, 6, 8, 9 (redacted), 14.

4. That attached hereto as Exhibit C is a true and correct copy of excerpts from the deposition of Shirley Hickman, pages 1, 22-29, 34-37, 42-49 (exhibits omitted).

5. That attached hereto as Exhibit D is a true and correct copy of excerpts from the deposition of Felicia Coklay, pages 1, 18-21 (exhibits omitted).

6. That attached hereto as Exhibit E is a true and correct copy of excerpts from the deposition of Sharon Adams, pages 1, 46-53 with selected deposition exhibits, Exh. 13, 14 (TU 0220- filed under seal).

7. That attached hereto as Exhibit F is a true and correct copy of excerpts from the deposition of Tracy DeMarco (pages 1, 6-9, 18-33), with selected exhibits, Exh. 2.

8. That attached hereto as Exhibit G is a true and correct copy of excerpts from the deposition of William Lenz (pages 1, 26-29, 38-45, 62-73, 82-85), with selected exhibits, Exh. 2.

9. That attached hereto as Exhibit H is a true and correct copy of excerpts from the March 23, 2005 deposition of Lynn Romanowski (pages 1, 6-9, 14-21, 18-21, 50-61, 66-85), with selected exhibits, Exh. 1 (TU 0224, 0244-259, 0190-191, 0260-0261, 0268-0287).

10. That attached hereto as Exhibit I is a true and correct copy of excerpts from the deposition of William Stockdale (pages 1, 26-29, 34-37), (exhibits omitted).

11. That attached hereto as Exhibit J is a true and correct copy of excerpts from the deposition of Janice Fogleman (pages 1, 18-2130-33), with selected exhibits, Exh. 2 (CSC 001-002, 011-012, 051).

12. That attached hereto as Exhibit K is a true and correct copy of excerpts from the deposition of Joette Herrera (pages 1, 90-93), with selected exhibits, Exh. 1 and 8 BO 000360-000393).

13. That attached hereto as Exhibit L is a true and correct copy of excerpts from the deposition of Kevin Johanson (pages 1, 22-25, 30-37, 58-61, 66-69, 78-93, 106-109), with selected exhibits, Exh. 3 (redacted).

14. That attached hereto as Exhibit M is a true and correct copy of excerpts from the deposition of Vo Wabeh (pages 1, 14-21, 26-33, 38-41) (exhibits omitted).

15. That attached hereto as Exhibit N is a true and correct copy of excerpts from the deposition of Judy Bath (pages 1, 14-17, 22-29)

16. That attached hereto as Exhibit O is a true and correct copy of excerpts from the deposition of Rebecca Hudoba (pages 1, 14-17).

17. That attached hereto as Exhibit P is a true and correct copy of excerpts from the deposition of Kimberly Ross (pages 1, 10-33).

18. That attached hereto as Exhibit Q is a true and correct copy of Curtis v. Trans Union, Nos. 02-C-207, 02-C-208, 2002 WL 31748838 (N.D. Ill. 2002).

19. That attached hereto as Exhibit R is a true and correct copy of the Affidavit of Eileen Little in support of Defendant Trans Union's Motion for Summary Judgment in <u>Anderson v. Trans Union, et al.</u>, No. 03-C-0510-C (W.D. Wisc.).

20. That attached hereto as Exhibit S is a true and correct copy of <u>Westra v. Credit Control of Pinellas</u>, No. 01-3139 (7th Cir. May 27, 2005).

21. That attached hereto as Exhibit T is a true and correct copy of <u>Malm v. Household Bank, et al.</u>, Civ. No. 03-4340 (D. Minn. 2004) (ADM/AJB)

22. That attached hereto as Exhibit U is a true and correct copy of <u>Nielsen v. U.S. Bank, et al.</u>, 2005 WL 189709 (D. Minn. 2005)

23. That attached hereto as Exhibit V is a true and correct copy of <u>Wharram v. Equifax, et al.</u>, File No. 02-4853 (D. Minn. 2004).

24. That attached hereto as Exhibit W is a true and correct copy of <u>Crane v. Trans Union, LLC</u>, 2003 WL 22172346 (E.D. Pa.).

25. That attached hereto as Exhibit X is a true and correct copy of <u>Sather v. Weintraut</u>, Civ. No. 01-1370 (JNE/JGL) (D. Minn. 2003).

26. That attached hereto as Exhibit Y is a true and correct copy of Plaintiff's March 24, 2005 Notice of Taking Telephonic Deposition of Defendant Trans Union's 30(b)(6) Representative(s), Duces Tecum.

27. That attached hereto as Exhibit Z is a true and correct copy of letter from G. John Cento to John H. Goolsby.

28. That in order to thoroughly oppose Trans Union's present motion, Plaintiff additionally needs to take the deposition of Trans Union's Rule 30(b)(6) representative with respect to whether First USA was a reliable source; that through such anticipated deposition Plaintiff expects to cross-examine Trans Union's representative on Stockdale's assertions in his affidavit that First USA was a reliable source of information, and to discover either that First USA was not reliable, or that Trans Union did not know.

29. That Trans Union has prevented Plaintiff from obtaining such deposition, and that accordingly, pursuant to Fed. R. Civ. P. 56(f), Plaintiffs are presently unable to present by affidavit certain additional facts pertinent to Plaintiffs' opposition to Defendant's Motion.

30. That, without waiving any right to obtain additional discovery, Plaintiffs nevertheless believe that the evidence presently in the record is more than sufficient to defeat Defendants' Motion for Summary Judgment; that, if however, the present record would somehow not be sufficient for Plaintiff to survive Defendant's Supplemental Motion for Summary Judgment, then Plaintiff seeks denial of Defendants' motion pursuant to Fed. R. Civ. P. 56(f) and an opportunity to engage in the additional discovery outlined herein.

FURTHER YOUR AFFIANT SAYETH NOT.

s/ Thomas J. Lyons , Sr.

Subscribed and sworn before me

this 6th day of June 2005.


s/ Sue Wolsfeld
Notary Public